# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR TO NATIONAL CITY,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>) **CASE NO.: CV-_____**<br>) |
| **WESTCOOP MFG., INC. f/k/a COOPER FIREARMS OF MONTANA, INC., AND DANIEL COOPER a/k/a DANIEL L. COOPER,** | )<br>)<br>)<br>)<br>) |
| **Defendants.** | |

## COMPLAINT

Comes now the Plaintiff, PNC Bank, National Association, successor to National City (the "Bank"), a national banking association with its principal place of business in the Commonwealth of Pennsylvania, and states its Complaint against Westcoop Mfg., Inc. f/k/a Cooper Firearms of Montana, Inc. ("WMI" or "Borrower") and Daniel Cooper a/k/a Daniel L. Cooper ("DLC" or "Guarantor," and hereinafter WMI and DLC may be collectively referred to as the "Defendants") as follows:

### PARTIES, JURISDICTION AND VENUE

1. This Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1332(a), which grants district courts original jurisdiction in all civil actions

between citizens of different states when the amount in controversy exceeds $75,000.00.

2. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2).

3. As set forth below, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

4. The Bank is a national banking association with its principal place of business in the Commonwealth of Pennsylvania.

5. The Bank is the true and lawful owner and holder of the loan obligations made the basis of the action by virtue of the merger of PNC Bank, National Association and National City. *See* Certificate of Merger attached hereto as Exhibit "1."

6. The corporate Defendant, WMI, is a Montana Corporation with its principal place of business located at 9642 Farnham Dr., Pike Road, Alabama 36064.

7. Upon information and belief the individual Defendant, DLC, is a resident citizen of the State of Alabama who, upon information and belief, is over the age of nineteen (19) years and is doing business in Jefferson County, Alabama.

## FACTS

8. On October 12, 2007, WMI executed a Small Business Premium Line of Credit Application between WMI and the Bank (the "Agreement"), which

resulted in the Bank extending a line of credit/loan to WMI under its terms in the maximum credit amount of $100,000.00 (the "Loan").  *See* October 12, 2007 Agreement attached hereto as Exhibit "2."

        9.     The Agreement is secured by that certain Guaranty of DLC, which is contained in the Agreement granted by WMI to the Bank dated October 12, 2007 (the "Guaranty"), to secure the indebtedness due from WMI to the Bank under the Agreement.  *See* October 12, 2007 Agreement attached hereto as Exhibit "2."

        10.    On December 27, 2011, the Agreement was extended to October 16, 2012 and on July 26, 2013, the Agreement was again extended to October 16, 2014.  *See* Bank Extension Letters dated December 27, 2011 and July 26, 2013 attached hereto as Exhibit "3" and Exhibit "4," respectively.

        11.    On November 26, 2012, WMI executed that certain Amendment to Loan Documents entitled "Fixed Rate Lock ("FRL") or Fixed Rate Partition ("FRP") Request for Business Line of Credit" between WMI and the Bank requesting that the indebtedness due under the Agreement be converted to a "Fixed Rate Lock Business Line of Credit" (the "Agreement Amendment"), which contemplated the Bank amending the structure and repayment terms of the Agreement. *See* November 26, 2012 Fixed Rate Lock ("FRL") or Fixed Rate Partition ("FRP") Request for Business Line of Credit attached hereto as Exhibit "5."

12. WMI has defaulted on the Agreement for reasons including but not limited to WMI having failed to pay sums due when called for under the Agreement.

13. By virtue of WMI's default under the terms of the Agreement, demand was made upon WMI for payment of all sums due under the Agreement and upon DLC for his failure to pay under the Guaranty. *See* Demand and Acceleration Letters sent to WMI and DLC dated April 13, 2017, May 1, 2017, and August 24, 2017 which are attached hereto as Exhibit "6," Exhibit "7," and Exhibit "8," respectively.

14. WMI has failed to pay, defaulted upon and has breached the Agreement.

15. DLC has failed to pay, defaulted upon and has breached the Guaranty.

16. As of October 10, 2017, WMI is indebted to the Bank on the Agreement, and DLC is indebted to the Bank under the Guaranty, exclusive of attorney's fees, future interest, expenses and costs, the total sum of $107,604.01, consisting of principal in the amount of $101,342.54, accrued interest in the amount of $6,006.47, and late charges of $255.00. Per diem interest shall continue to accrue at the rate of $22.21 thereafter (all of the foregoing in this paragraph being referred

to hereafter as the "WMI Agreement Indebtedness" and the "DLC Guaranty Indebtedness").

17. Under the Guaranty, DLC is obligated to reimburse the Bank for all costs of collection, including without limitation, reasonable attorney's fees.

## COUNT I
## BREACH OF AGREEMENT

18. The Bank incorporates and avers each of the foregoing paragraphs 1 through 17 as if fully set forth herein, and further says as follows:

19. WMI is indebted to the Bank for the full amount of the WMI Agreement Indebtedness by virtue of WMI's breach and default under the Agreement.

20. The failure and/or refusal of WMI to pay the WMI Agreement Indebtedness as and when due, or upon demand, therefore constitutes a breach of WMI's obligations under the Agreement.

**WHEREFORE,** the Bank demands judgment against WMI for the breach of the Agreement in the amount of the WMI Agreement Indebtedness, plus costs and all other relief to which the Bank is entitled.

## COUNT II
## BREACH OF GUARANTY

21. The Bank incorporates and avers each of the foregoing paragraphs 1 through 20 as if fully set forth herein, and further says as follows:

22. DLC is indebted to the Bank for the full amount of the WMI Agreement Indebtedness by virtue of WMI's breach and default under the Agreement, and DLC's Guaranty of payment of the WMI Indebtedness.

23. The failure and/or refusal of DLC to pay the DLC Guaranty Indebtedness as and when due, or upon demand, therefore constitutes a breach of DLC's obligations under the Guaranty.

**WHEREFORE,** the Bank demands judgment against DLC under DLC's Guaranty for WMI's breach of the Agreement in the amount of the DLC Guaranty Indebtedness, plus reasonable attorney's fees, expenses, costs and all other relief to which the Bank is entitled.

s/ George M. Neal, Jr.
George M. Neal, Jr.
(Bar No. ASB-7741-E67G)
C. Lee Reeves
(Bar No. ASB-1808-E54C)
Attorneys for PNC Bank, National Association

**OF COUNSEL:**

**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Birmingham, AL  35205
Telephone:  (205) 930-5100
Facsimile:  (205) 930-5101
jneal@sirote.com
lreeves@sirote.com

## SERVE DEFENDANT WESTCOOP MFG., INC. BY CERTIFIED MAIL

Westcoop Mfg, Inc.
c/o William Wagner, Registered Agent
350 Ryman Street
Missoula, Montana 59807

## SERVE DEFENDANTS BY SPECIAL PROCESS SERVER

Westcoop Mfg., Inc.
c/o Daniel L. Cooper - President
Birmingham City Hall
and
Daniel Cooper
Birmingham City Hall
710 20th Street North, Ste. 205
Birmingham, AL  35203

and/or

1928 11th Avenue South
Birmingham, Ala 35203