FILED
2017 Dec-15 PM 03:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PNC BANK, NATIONAL ASSOCIATION, }
}
    Plaintiff, }
}
v. }    Case No.: 2:17-cv-01786-RDP
}
WESTCOOP MFG., INC., et al., }
}
    Defendants. }

### MEMORANDUM OPINION

This case is before the court on Plaintiff's Amended Motion for Default Judgment (Doc. # 13), filed December 13, 2017 against Defendants Westcoop Mfg., Inc. (hereinafter "Westcoop") and Daniel Cooper. After the Clerk of Court's Entry of Default (Doc. # 12), Plaintiff now seeks a Rule 55(b) default judgment for the full relief sought in the Complaint (Doc. # 1) in the following amounts and against the following Defendants:

1. Against Westcoop for: (i) $101,342.54 in unpaid principal; (ii) $7,072.65 in accrued interest as of November 27, 2017; (iii) per diem interest of $22.21 per day after November 27, 2017; (iv) late charges of $255.00; and (v) future accruals of interest and court costs.

2. Against Daniel Cooper for: (i) $101,342.54 in unpaid principal; (ii) $7,072.65 in accrued interest as of November 27, 2017; (iii) per diem interest of $22.21 per day after November 27, 2017; (iv) late charges of $255.00; (v) attorneys' fees of $5,608.50, and (vi) future accruals of interest and court costs.

(Doc. # 13 at 2-3). After this case was reassigned, the court directed Plaintiff to show cause why the case should not be transferred to another district on venue grounds. (Doc. # 10). In its response to the Show Cause Order, Plaintiff explained why venue is appropriate in this district

under 28 U.S.C. § 1391(b)(3).[1] For the reasons explained below, Plaintiff's Amended Motion for Default Judgment (Doc. # 13) is due to be granted.

I.	**Background**

In 2007, National Bank, a bank that merged with Plaintiff in 2009, loaned Defendant Westcoop $100,000.00 under a small business line of credit. (Docs. # 1 at ¶¶ 4-5, 8; 1-1 & 1-2). Defendant Cooper signed a guaranty securing the line of credit. (Doc. # 1 at ¶ 9). Under the terms of the line of credit, Westcoop is obligated to pay the holder of the loan principal, interest, and fees on the line of credit. (*See* Doc. # 1-2 at 3) ("The Company promises to pay to the order of Bank or any subsequent holder . . . the amount advanced pursuant to this application and the Agreement[,] including all principal[,] interest[,] fees[,] and other charges outstanding."). Cooper guaranteed prompt payment of the loan and is jointly and severally liable for all amounts owed by Westcoop under the line of credit. (*Id.*). Along with his liability for the indebtedness, Cooper agreed to pay the costs and expenses of collection, including attorneys' fees and legal expenses. (*Id.*).

Plaintiff extended the line of credit agreement in December 2011. (Doc. # 1 at ¶ 10). Westcoop amended the line of credit to a fixed rate line of credit in November 2012. (*Id.* at ¶ 11). Plaintiff again extended the line of credit agreement in July 2013 until October 2014. (*Id.* at ¶ 10). On April 13, 2017, after Westcoop had defaulted on the line of credit, Plaintiff gave Defendant Westcoop written notice of default and a demand for payment. (Doc. # 1-6 at 2-4). It also sent the written demand to Defendant Cooper in his role as president of Westcoop. (*Id.* at

---

[1] In its Complaint, Plaintiff mistakenly states that venue is appropriate in this district under § 1391(a)(2). After reviewing Plaintiff's response to the Show Cause Order, the court now understands that venue is appropriate in this district under § 1391(b)(3) because Plaintiff cannot ascertain an appropriate venue under § 1391(b)(1) or § 1391(b)(2).

2). To date, Defendants have failed to pay their respective obligations under the line of credit agreement. (Doc. # 1 at ¶¶ 14-15).

On October 23, 2017, Plaintiff filed a Complaint against Defendants alleging (1) a breach of agreement claim against Defendant Westcoop and (2) a breach of guaranty claim against Defendant Cooper. (Doc. # 1). On October 31, 2017, Defendant Cooper was served in person with the Complaint and Summons at 710 20th Street North, Birmingham, Alabama 35203. (Doc. # 4 at 1). On October 31, 2017, Defendant Westcoop was served with the Complaint and Summons through personal service on its president, Daniel Cooper, at 710 20th Street North, Birmingham, Alabama 35203. (Doc. # 5 at 1). To date, neither of the Defendants have answered or otherwise appeared in this case.

On December 1, 2017, the Magistrate Judge granted Plaintiff's Motion for Entry of Default. (Doc. # 7). The Clerk of Court entered default as to Cooper and Westcoop on December 13, 2017. (Doc. # 12). On that same date, Plaintiff filed the instant Motion for Default Judgment (Doc. # 13), along with the Affidavit of Pamela Carey (Doc. # 13-1) and the Affidavit of George M. Neal, Jr. (Doc. # 13-2). Carey's affidavit establishes that, as of October 10, 2017, (i) Defendants Westcoop and Cooper owed Plaintiff $101,342.54 in unpaid principal, (ii) Defendants owed $6,006.47 in accrued interest, and (iii) Defendants owed late charges of $255.00. (Doc. # 13-1 at 5). Carey also asserted that per diem interest on the line of credit is $22.21 per day. (*Id.*). Finally, she noted that Cooper is responsible for paying Plaintiff's costs of collection, including reasonable attorneys' fees. (*Id.* at 6). Neal's affidavit explains that the law firm of Sirote & Permutt began handling the default and litigation proceedings in August 2017. (Doc. # 13-2 at 4). He has certified that, as of November 27, 2017, Plaintiff has incurred a total of $5,608.50 in fees for legal services from Sirote & Permutt. (*Id.* at 3-4). The affidavit lists the

3

Sirote attorneys and legal professionals who have worked on the case, their level of experience, their hourly rate, and the number of hours they have worked on the case. (*Id.* at 4). It also notes that Plaintiff has paid $410.00 in filing fees. (*Id.* at 6).

## II. Analysis

Rule 55(b) states in relevant part:

(b) **Entering a Default Judgment**.

(1) *By the Clerk*. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor or incompetent person.

(2) *By the Court*. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

    (A) conduct an accounting;

    (B) determine the amount of damages;

    (C) establish the truth of any allegation by evidence; or

    (D) investigate any other matter.

Fed. R. Civ. P. 55(b). If the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant because of the defendant's failure to appear or defend. Fed. R. Civ. P. 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v.*

*Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)).

Although this court permits the Clerk of Court to *enter* default when appropriate pursuant to Rule 55(a),[2] it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default *judgment* for the discretion of the particular judge to which the case is assigned, even in those circumstances that Rule 55(b)(1) permits the Clerk of Court to enter a default judgment because the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain. Thus, Plaintiff's Amended Motion for Default Judgment (Doc. # 13) in this case is properly before the undersigned.

The court finds the requirements of Rule 55(b)(2) are satisfied in this case. Defendants were served with the Complaint and Summons on October 31, 2017 by process server. (Docs. # 4 & 5). Defendants failed to plead, answer, or otherwise defend as to the Complaint by November 21, 2017, and they have filed no answer or responsive pleading to date. (*See generally* Docket Sheet). The Magistrate Judge granted Plaintiff's Motion for Entry of Default on December 1, 2017, and the Clerk of Court entered default as to Defendants Westcoop and Cooper on December 13, 2017. (Docs. # 7, 12).

The court finds that Plaintiff has established that it is entitled to a default judgment against Defendants Westcoop and Cooper on the breach of agreement and breach of guaranty claims asserted in the Complaint, which are in essence breach of contract claims.[3] Under

---

[2] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

[3] To be clear, the court possesses both personal and subject matter jurisdiction to render a default judgment. Personal jurisdiction over Defendants Westcoop and Cooper is established by the service of the summons and complaint on October 31, 2017. *See* Fed. R. Civ. P. 4(e)(2)(A) (allowing for personal service of summons and complaint on an individual defendant); Fed. R. Civ. P. 4(h)(1)(B) (allowing for personal service on a defendant corporation through personal service of an officer); Ala. R. Civ. P. 4(c)(6) (allowing for service of process on a foreign corporation's officer). And, the court's diversity jurisdiction is established by the jurisdictional pleadings,

Alabama law, the elements of a breach of contract claim are "(1) the existence of a valid contract binding the parties in the action, (2) the plaintiff's own performance under that contract, (3) the defendant's nonperformance, and (4) damages." *Baldwin v. Panetta*, 4 So. 3d 555, 561 (Ala. Civ. App. 2008) (quoting *S. Med. Health Sys., Inc. v. Vaughn*, 669 So. 2d 98, 99 (Ala. 1995)). In light of the admitted allegations in the Complaint, the court finds that Plaintiff has established (1) the existence of a valid contract binding Plaintiff and Defendant Westcoop, along with a valid guaranty agreement binding Plaintiff and Defendant Cooper, (2) Plaintiff's performance under that contract, (3) Defendants' nonperformance under the contract, and (4) damages suffered by Plaintiff as a result of nonperformance.

The case law is clear that a judgment by default may only be entered without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (citations omitted). Damages may be awarded if the record adequately reflects the basis for such an award through "a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (citations omitted). With its current Motion (Doc. # 13), Plaintiff has provided the court with a detailed affidavit which incorporates (and authenticates) supporting documents and establishes the necessary facts regarding the amount due and owing under the line of credit. (Doc. # 13-1). Therefore, Plaintiff is entitled to the following judgments:

1. Against Defendant Westcoop for: (i) $101,342.54 in unpaid principal; (ii) $7,072.65 in accrued interest as of November 27, 2017; (iii) per diem interest of $377.57; (iv) late charges of $255.00; and (v) post-judgment interest at the statutory rate; and

---

which state that Plaintiff and Defendants are completely diverse and that the amount in controversy exceeds $75,000. (Doc. # 1 at ¶¶ 3-7). *See generally* 28 U.S.C. § 1332(a).

2. Against Defendant Cooper for: (i) $101,342.54 in unpaid principal; (ii) $7,072.65 in accrued interest as of November 27, 2017; (iii) per diem interest of $377.57; (iv) late charges of $255.00; and (v) post-judgment interest at the statutory rate.

Pursuant to the guaranty agreement, Plaintiff seeks an award of reasonable attorneys' fees against Defendant Cooper. (Doc. # 13-1 at 6). Alabama law allows a party to recover attorneys' fees as damages if such fees are provided for by statute, contract, or special equity.[4] *Jones v. Regions Bank*, 25 So. 3d 427, 441 (Ala. 2009). Alabama courts apply twelve criteria when analyzing the reasonableness of an attorneys' fee:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

*Van Schaack v. AmSouth Bank, N.A.*, 530 So. 2d 740, 749 (Ala. 1988).

Here, Plaintiff has submitted an affidavit outlining the number of hours worked by Sirote & Permutt attorneys and employees in this case, their hourly rates, and their respective levels of experience. (Doc. # 13-2 at 4). The court finds that the attorneys and paralegal who worked on this case have considerable professional experience in this area. (*See id.*). Moreover, it finds the amount of time expended on this case -- 28.05 hours of attorney time and 6.9 hours of paralegal time -- is reasonable at this stage of the litigation. (*See id.*). Finally, it agrees with Plaintiff's counsel that the hourly rates charged by Sirote & Permutt are generally at or below the customary rates charged by attorneys in other corporate litigation cases. (*See id.* at 5).

---

[4] The court has reviewed the documents provided by Plaintiff and has found no choice-of-law provision specifying which state's law applies to the line of credit and guaranty. (*See generally* Docs. # 1-2, 1-5, 13-1). In the absence of any evidence suggesting that another body of state law applies, the court will apply Alabama law to determine whether Plaintiff seeks a reasonable attorneys' fee judgment.

Therefore, the court will grant Plaintiff's request for an attorneys' fee judgment of $5,608.50 against Defendant Cooper.

## III. Conclusion

For the reasons explained above, Plaintiff's Amended Motion for Default Judgment (Doc. # 13) is due to be granted. The court will award Plaintiff the amount due and owing under the line of credit as of December 13, 2017, along with post-judgment interest. The court also will award Plaintiff reasonable attorneys' fees and costs against Defendant Cooper. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this December 15, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE